UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02705

**Luis Gabriel Mejia-Muyuc,**
*Petitioner,*
v.
**Director, T. Don Hutto Detention Center, et al.,**
*Respondents.*

## ORDER

Luis Gabriel Mejia-Muyuc is a native and citizen of Guatemala currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner last entered the United States without inspection on or about August 2, 2019. Petitioner was issued a notice to appear and released on his own recognizance. Petitioner was detained by immigration authorities on or about February 6, 2023 following his arrest for a misdemeanor. That same day, Petitioner was issued another notice to appear and again released on his own recognizance. In early September 2026, local law enforcement detained Petitioner following his arrest for public intoxication. Petitioner was then placed into federal custody and transferred to the T. Don Hutto Detention Center in Taylor, Texas.

On September 24, 2026, Petitioner's wife, a third-party non-lawyer, filed a petition for a writ of habeas corpus on

Petitioner's behalf, contesting his detention and seeking immediate release or an individualized bond hearing. The Court denied the relief on September 30, 2026, and granted Petitioner thirty days to file an amended petition. Petitioner filed an amended petition on October 27, 2026. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the

facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Construing the claims liberally because Petitioner proceeds *pro se*, Petitioner asserts that his pre-removal detention is unlawful because it violates due process. His arguments, however, fail.

The Fifth Circuit has rejected both procedural and substantive due process challenges to otherwise lawful detention under 8 U.S.C. § 1225(b)(2)(A). It held "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at *3 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at *7.

To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 19, 2026.*

ANDREW DAVIS
United States District Judge